UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

N.M., a minor, by and through Guardian Ad Litem STACIE MILLER, individually and as successor in interest to, ESTATE OF VINTON MILLER,

Plaintiffs,

v.

PLACER COUNTY, a municipal corporation; THE PLACER COUNTY SHERIFF'S OFFICE, a public entity; PLACER COUNTY SHERIFF'S OFFICER DEPUTY CORONER ERIC HINTZE, individually; CALIFORNIA HIGHWAY PATROL, a public entity; CALIFORNIA HIGHWAY PATROL OFFICER CLAYTON GUILLEMIN, individually; CALIFORNIA STATE PARKS, a public entity; CALIFORNIA STATE PARKS OFFICER MATTHEW YARBROUGH, individually, EVAN MATSHES, individually; NAAG FORENSICS PC, an entity, and DOES 1 to 100, individually,

Defendants.

No. 2:25-cv-1389 WBS JDP

MEMORANDUM AND ORDER RE: DEFENDANT CLAYTON GUILLEMIN'S MOTION TO STAY

----oo0oo----

In its August 25, 2025 order, the court denied defendants' motion to dismiss on the grounds of qualified immunity. (See Docket No. 48 at 23-24.) Defendant Clayton Guillemin appealed that denial on August 28, 2025, and that appeal is currently pending before the Ninth Circuit. (Docket No. 49.)

Guillemin has now filed a motion to stay proceedings in this court pending the outcome of his appeal. (Docket No. 51.) "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Accordingly, district courts must "automatic[ally] stay . . . proceedings that relate to any aspect of the case involved in the appeal." Coinbase, Inc. v. Bielski, 599 U.S. 736, 744. (2023)

Although the filing of an interlocutory appeal does not automatically stay proceedings unrelated to the appeal, "the district court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (Wanger, J.) (quoting Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)).

The appropriate test to apply here in deciding to stay the proceedings in this court is the test set forth in Landis v. North American Co., 299 U.S. 248, 254-55 (1936). See, e.g.,

Hanible v. Cnty. of Solano, No. 2:21-cv-01315 SCR, 2025 WL 2578276, at *3 (E.D. Cal. Sept. 5, 2025); 23andMe, Inc. v. Ancestry.com DNA, LLC, No. 18-cv-02791 EMC, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018), aff'd, 778 F. App'x 966 (Fed. Cir. 2019); Hart v. Charter Commc'ns, Inc., No. SA-cv-170556 DOC RAOx, 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019).

Under the Landis test, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. For the following reasons, the court finds that a stay is appropriate here.

Guillemin appealed this court's order denying him qualified immunity on plaintiff's Fourth Amendment medical care claim and Fourteenth Amendment loss of familial association claim. (See Docket No. 49.) Because plaintiff's Fourth Amendment medical care and Fourteenth Amendment loss of familial association claims relate to those issues involved in the appeal, the proceedings in this court relating to those claims must be stayed. Bielski, 599 U.S. at 744; see also Andrade Rico v. Beard, No. 2:17-cv-1402 KJM, 2019 WL 4127206, at *2 (E.D. Cal. Aug. 30, 2019) (district court loses jurisdiction of claims

subject to immunity defense when grant or denial of immunity is appealed).

In deciding whether to stay the remaining claims, the court considers the Landis factors. "Under the first two Landis factors, the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." Flores v. Bennett, 675 F. Supp. 3d 1052, 1060 (E.D. Cal. 2023) (Thurston, J.) (citation modified). "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of Landis." Lockyer, 398 F.3d at 1112. However, "having to proceed to trial on some, but not all, of [a] Plaintiff[']s[] claims against them" could constitute "significant hardship and inequity." See, e.g., Perkins v. City of Anaheim, No. 8:19-cv-00315 JLS JDE, 2022 WL 2255013, at *3 (C.D. Cal. Feb. 2, 2022).

Guillemin "will suffer . . . economic hardship if the stay is denied and the case proceeds, only to have the Ninth Circuit reverse this court's prior order on interlocutory appeal." Rivera v. NIBCO, Inc., No. cv-F-996-443 AWI SMS, 2004 WL 7331798, at *3 (E.D. Cal. Sept. 20, 2004). Moreover, the "basic thrust" of qualified immunity – "free[ing] officials from the concerns of litigation" – would best be served by relieving Guillemin of the burdens of litigating the remaining claims while the issue of whether he is entitled to qualified immunity is on appeal. Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009); see also Hernandez v. City of San Jose, No. 16-cv-03957 LHK 2017 WL 2081236, at *14 (N.D. Cal. May 15, 2017) (granting stay of entire

action upon appeal of qualified immunity and observing that if the court not did do so, "the parties would be forced to take discovery on and litigate the individual police officers' conduct, and eventually the Court and the jury would have to evaluate that conduct, even though that same conduct is the subject of the [defendants'] appeal.").

Further, while "case management standing alone is not necessarily a sufficient ground to stay proceedings," Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007), "considerations of judicial economy are highly relevant in determining whether the orderly course of justice weighs in favor of a stay," Apple Inc. v. Samsung Elecs. Co., No. 11-cv-01846 LHK, 2016 WL 9021536, at *2 (N.D. Cal. Mar. 22, 2016). Critically, "[a]ll of [p]laintiff['s] claims arise from the same set of facts, in which the conduct of [all defendants] is inextricably intertwined." See Perkins, 2022 WL 2255013, at *3. Thus, "[i]f the Court were to proceed" on the remaining claims, it "would likely have to evaluate [his] conduct, even though that same conduct is the subject of the interlocutory appeal." Johnson v. City of Mesa, No. cv-19-02827 PHX JAT, 2022 WL 137619, at *3 (D. Ariz. Jan. 14, 2022); see also Calvillo Manriquez v. DeVos, No. 17-cv-07210 SK, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018) (observing the same).

Accordingly, because allowing "some, but not all, of the claims . . . in this action to proceed" "would be extremely inefficient," Perkins, 2022 WL 2255013, at *3, the orderly course of justice will be best served by staying the entire action,

which this court possesses the authority to do. See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (emphasis added)).

IT IS THEREFORE ORDERED that defendant Guillemin's motion to stay this case pending appeal (Docket No. 51) be, and the same hereby is, GRANTED. All claims in this action are hereby STAYED pending resolution of Ninth Circuit Case No. 25-5890. (See Docket No. 58.)

IT IS FURTHER ORDERED that defendant Guillemin's motion to dismiss and strike (Docket No. 61) and defendants Placer County and Placer County Sheriff's Office's motion to dismiss (Docket No. 64) are DENIED without prejudice as moot.

Dated: January 28, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE